IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 7:24-cv-00047-BO-RJ

| | |
|---|---|
| SARAH JEAN ZABEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| EVERYAGE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## Background Statement

In the course of discovery, the Parties expect to request and exchange information and documents that are or may be of a personal, proprietary, or other sensitive nature, including but not limited to personnel records, financial records, leaves of absence, medical records and materials related to employee benefits, as well as confidential commercial information and trade secrets, competitively sensitive commercial information, customer data and other personal or financial information regarding current or former employees of EveryAge or similar information of other third parties, including patients of EveryAge. The Parties seek to limit the use of the information and documents to protect themselves from annoyance and potential embarrassment as well as to maintain the confidentiality of such information. Accordingly, they have agreed to the entry of this Consent Protective

Order ("Order") to facilitate the production of the information requested and any information that has been or will be produced during discovery in this case.

## PROTECTIVE ORDER

### Designation of Confidential Information

1. "Confidential information" as used herein means any type or classification of information designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Order. For purposes of this Order, "confidential information" means non-public proprietary, business, commercial, financial and/or personal information, including but not limited to employee personnel files, pay and benefits information, leave of absence documentation, medical records, drug testing documents, workers' compensation files, corporate policies and procedures, trade secrets and other non-public competitively sensitive materials, financial records, pricing information, actuarial records and reports and information about disabilities or medical conditions, tax returns, resident, customer or donor information, vendor information, and other non-public personal or financial information relating to one or both of the Parties to this lawsuit or third parties. "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, court testimony, matters in evidence and other information that falls within the scope of this Order furnished by or on behalf of any party or third party in connection with this litigation.

2. The party producing any documents or information subject to this Order shall have the right to use its discretion in designating materials to be confidential information as defined herein. However, the party shall be obligated to designate only documents or information that it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to avoid overbroad designations.

3. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of that it contends is confidential, a party may designate the entire document as confidential by marking each separate page as follows: CONFIDENTIAL.

4. Information disclosed at the deposition of any party or at the deposition of Defendant's present or former officers, directors, residents, employees, or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all Parties in writing, within thirty (30) calendar days of receipt of the transcript, of the specific pages and lines of the transcript that are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession,

custody or control. All depositions shall be treated as confidential for a period of at least thirty (30) calendar days after a full and complete transcript of said deposition is available.

5. Documents and information produced by a third party in response to a subpoena or authorized records request (such as requests for healthcare records) in connection with this litigation may be designated by a party to the litigation as confidential by notifying all Parties in writing, within ten (10) business days of receipt of such documents and information, of the specific documents and information that are confidential and producing copies of such documents marked "CONFIDENTIAL" in accordance with Paragraph 3. All documents and information received from a third party in response to a subpoena or authorized shall be treated as confidential for a period of at least twenty (20) calendar days after such documents and information are received by all Parties.

## Use of Confidential Information

6. Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

>   (a) Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation;
>
>   (b) Any party, including agents, representatives and employees of a party, as is necessary to prepare this case for litigation;
>
>   (c) Subject to the provisions of Paragraph 7 below, independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action, whether identified and retained as a testifying expert witness or as a consulting witness;

4

(d) A witness, as is necessary to prepare this case for litigation, and the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action. Disclosure may be made to a witness who is the author of, recipient of, or subject matter of the confidential information;

(e) Subject to the provisions of Paragraph 8 below, any court, including this Court, or appellate body that has cause to consider any of the issues raised in this action;

(f) Jurors and prospective jurors;

(g) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

## Non-Disclosure of Confidential Information

7. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Order, or make any other disclosure of such confidential information for any purpose whatsoever, commercial, or otherwise. In addition to the other restrictions on disclosure contained herein, the Parties agree that no confidential information may be disclosed to any person (including any witness, consultant, expert or employee of any party) until such person has read and signed a copy of this Order on the form attached as Exhibit A, thereby indicating their willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

## Information Filed with the Court

8. Any party may file pursuant to Local Civil Rule 79.2 a motion to seal, in whole or in part, documents or information designated CONFIDENTIAL in discovery or

5

that a party otherwise maintains should not be subject to public disclosure. However, the parties agree that any briefs or memoranda filed with the Court do not have to redact any general references to the confidential information referenced or cited in their briefs or memoranda. However, the documents themselves must be treated as set forth herein.

## General Conditions

9. If a party disputes the propriety of the designation of any material or information as confidential, that party may file a motion with the Court requesting a ruling regarding whether the material or information should be treated as confidential for purposes of this Order. The parties shall meet and confer prior to filing a motion to dispute the designation of confidential information. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

10. At the conclusion of this litigation, the Parties will contact the Court to obtain any confidential information in the Court's files so the Parties may make appropriate disposition of all confidential information furnished pursuant to the terms of this Order. At the conclusion of the litigation, the Parties agree to return any confidential information to the party providing the confidential information, except transcriptions of depositions taken in the course of this proceeding, at the request of the other party or to confirm in writing as to the destruction of any confidential information. Outside counsel, however, may retain pleadings, attorney and consultant work product, and depositions (including exhibits) for

archival purposes; materials and information designated CONFIDENTIAL remain subject to this Order and shall not be used or disclosed except as provided herein.

11. The ultimate disposition of protected materials shall be subject to final order of the Court.

12. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information. Specifically, this Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

13. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

14. The production of attorney-client privileged materials, work product protected materials, or trial preparation materials shall not constitute a waiver of those protections. In the event of the production of such protected information, the Parties will follow the procedure set out in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

15. In accordance with Rules 16(b)(1)(B) and 26(b)(5)(B) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, any privileged

documents inadvertently produced may be "clawed back" by the party that produced them within ten (10) business days of (a) discovering that the documents were inadvertently produced or (b) being served with written notice of the inadvertent disclosure by the party who received the document. In accordance with Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents, including electronically stored information (ESI) and other materials, does not waive the privilege or protection from discovery in this case or in any other federal or state proceeding.

It is so ORDERED, this the __5__ day of __May__, 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A TO PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 7:24-cv-00047-BO - RJ

| | |
|---|---|
| SARAH JEAN ZABEK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EVERYAGE CORPORATION, )<br>)<br>Defendant. )<br>)<br>_____ ) | **DECLARATION OF COMPLIANCE WITH CONFIDENTIALITY ORDER** |

1. My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Confidentiality Order has been entered in the above-captioned lawsuit. A copy of this Confidentiality Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential and/or highly confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for

9

12809044v1
Case 7:24-cv-00047-BO-RJ    Document 35    Filed 05/06/25    Page 9 of 10

disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

4. I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5. Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

DATED: _____, 20__.

_____
Signature

_____
Printed Name